# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JACQUE DONZELL DUKES,<br><br>    Petitioner,<br><br>vs.<br><br>STEPHEN WEIS, Warden, Clarinda Correctional Facility,<br><br>    Respondent. | No. C19-2072-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON RESPONDENT'S MOTION TO DISMISS** |

## I.  INTRODUCTION

This case is before me on a motion (Doc. 10) to dismiss filed by Respondent Stephen Weis. Weis argues that Petitioner Jacque Dukes' habeas petition (Doc. 1) under 28 U.S.C. § 2254 must be dismissed because it was not timely filed. Dukes has filed a resistance (Doc. 11) and Weis has filed a reply (Doc. 12). Oral argument is not necessary. *See* Local Rule 7(c).

## II.  BACKGROUND AND PROCEDURAL HISTORY

On June 3, 2011, Dukes was charged in Black Hawk County, Iowa, with a variety of robbery related charges. *State v. Dukes*, 01071 FECR 176804 (Black Hawk County, Iowa 2014). Dukes was convicted by a jury and he appealed. The Iowa Court of Appeals denied his appeal on December 5, 2013. *State v. Dukes*, 2013 WL 6405328 (Iowa Ct. App. 2013). Dukes sought further review, which was denied by the Iowa Supreme Court on January 31, 2014. The procedendo issued on February 12, 2014.[1]

Dukes filed an application for post-conviction relief (PCR) in state court on July

---

[1] A procedendo in the Iowa appellate court system is the equivalent of a mandate. *See In re M.T.*, 714 N.W.2d 278, 281–82 (Iowa 2006).

25, 2014. *Dukes v. State*, 01071 PCCV 125360 (Black Hawk County, Iowa 2017). That application was denied by the state district court, Dukes appealed, and the appeal was denied by the Iowa Court of Appeals on December 5, 2018. *Dukes v. State*, 2018 WL 6418719 (Iowa Ct. App. 2018). Dukes sought further review, which was denied by the Iowa Supreme Court on January 30, 2019.

Dukes filed the present petition under § 2254 on November 18, 2019. Doc. 1. On July 6, 2020, I entered an initial review order, finding an arguable issue as to the timeliness of Dukes' § 2254 petition and directing Weis to address it. Doc. 7. Weis did so by filing his motion to dismiss on August 6, 2020. Doc. 10.

### III. APPLICABLE STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a

> "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014).

In deciding a motion brought pursuant to Rule 12(b)(6), the court may consider certain materials outside the pleadings, including (a) "the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and (b) "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). Thus, the court may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller*, 688 F.3d at

3

931 n.3 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

## IV. ANALYSIS

Weis argues that this case should be dismissed because Dukes' § 2254 petition is untimely. A petition brought under § 2254 must be brought within one year of the latest of four triggering events:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). In this case, § 2244(d)(1)(A) is applicable, so Dukes had to file his § 2254 petition within one year of his judgment becoming final.

Because the § 2254 statute of limitations does not run while PCR actions are pending in state court, Dukes' one-year limitations period was tolled from July 25, 2014, until January 30, 2019. *See* 28 U.S.C. § 2244(d)(2). Thus, there are two periods to consider in determining whether Dukes filed his petition within the one-year statutory period: (1) the period between the date Dukes' original judgment became final and July 25, 2014, when the PCR action was filed, and (2) the period between January 30, 2019, and November 18, 2019, when the § 2254 petition was filed.

There is no dispute that 292 days ran during the second period. However, the amount of time that elapsed during the first period, before the PCR action was filed, is disputed, as the parties disagree about when Dukes' original judgment became final.

4

Under § 2244(d)(1)(A), a judgment becomes final when (1) all direct review concludes or (2) when the time to seek direct review expires. The United States Supreme Court has made clear that this language envisions two "distinct categor[ies] of petitioners":

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Thus, the opportunity for direct review by the United States Supreme Court tolls the commencement of the statute of limitations for § 2254 petitions beyond the exhaustion of direct review in state court, even if no petition for certiorari is filed. *See id.* at 149–50.

Dukes argues that his original judgment became final on May 13, 2014, meaning 73 days of the § 2254 limitations period ran before he filed the PCR action on July 25, 2014. He argues that his case was directly reviewable by the United States Supreme Court, meaning the limitations period was tolled until the period for filing a petition for certiorari expired. According to Dukes, that period commenced on February 12, 2014, when the Iowa Supreme Court issued procedendo, and expired 90 days later on May 13, 2014. Thus, because 73 days ran before he filed his PCR case, Dukes argues that his § 2254 petition was timely filed on the 365th day (73 + 292 = 365) of the § 2254 limitations period.

Weis argues that Dukes' original judgment became final no later than May 1, 2014. He argues that the dispositive date for determining when Dukes' judgment became final is January 31, 2014, when the Iowa Supreme Court denied Dukes' application for further review, not the date procedendo issued. Thus, even though Weis does not agree that Dukes' case was directly reviewable by the United States Supreme Court, Weis contends Dukes' judgment became final, at the latest, on May 1, 2014, 90 days after

5

further review was denied.  This would mean at least 85 days of the limitations period had already passed by the time Dukes filed his PCR action, resulting in a total of 377 days running before Dukes filed his § 2254 petition (85 + 292 = 377).  If Dukes' case was not directly reviewable by the United States Supreme Court, and Weis argues that it was not, Dukes' § 2254 limitations period would not have been tolled for 90 days and would be even more untimely.

Even assuming Dukes' conviction was directly reviewable, I agree with Weis that the statute of limitations for Dukes' § 2254 petition started running no later than May 1, 2014.  Under federal law, Dukes had 90 days after the Iowa Supreme Court denied further review to file a petition for certiorari.  *See* U.S. Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); *see also Clay v. United States*, 537 U.S. 522, 531 (2003) ("[F]inality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule.").  Under the United States Supreme Court's rules, the 90-day limitations period for seeking certiorari runs "from the date of entry of the judgment or order [that could] be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."  U.S. Sup. Ct. R. 13.3; *see also Burns v. Prudden*, 588 F.3d 1148, 1151 n.2 (8th Cir. 2009) ("However, the 90–day period for petitioning for a writ of certiorari with the U.S. Supreme Court begins to run, not from the date the mandate issued, but from the earlier date of the final order denying the appeal.").

Here, then, the 90-day period commenced when the Iowa Supreme Court denied further review on January 31, 2014, not when the procedendo issued on February 12, 2014, and therefore expired on May 1, 2014.  As noted above, this means 85 days of the

limitations period ran before Dukes' filed his state PCR action, and his § 2254 petition was thus filed 12 days too late (377 days into the 365-day limitations period).[2]

Dukes argues, in the alternative, that I should excuse the untimeliness of his petition through the doctrine of equitable tolling. The United States Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible doctrine that—unlike exhaustion—is not bound by principles of federalism. *Id.* at 650 ("Equitable tolling . . . asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law."). However, "equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

Dukes argues that he diligently pursued his rights because he mailed his petition to his attorney by October 7, 2019, who received it on October 10, 2019.[3] Had the

---

[2] Weis is correct that the § 2254 petition is even more untimely if Dukes' case was not directly reviewable by the United States Supreme Court. Given the calculations set forth above, there is no need to resolve the reviewability issue.

[3] Although Dukes mailed his petition before the statute of limitations expired, the prison mailbox rule does not apply here because he mailed the petition to his attorney, not the court. *See Houston v. Lack*, 487 U.S. 266, 273 (1988) ("[D]elivery . . . to prison authorities would not under any theory constitute a 'filing' unless the notice were delivered for forwarding *to the district court*."); *Nichols v. Bowersox*, 172 F.3d 1068, 1074 (8th Cir. 1999) ("The prison mailbox rule traditionally and appropriately applies only to pro se inmates who may have no means to file legal documents except through the prison mail system."), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008).

petition been filed soon thereafter, it would have been timely. However, for some undisclosed reason, his attorney did not file it until November 18, 2019, which, as discussed above, was at least 12 days too late. Dukes provides no further explanation as to why his petition was untimely or what prevented it from being filed earlier.

Under these circumstances, equitable tolling is not warranted. Even assuming Dukes diligently pursued his rights by mailing the petition to his attorney, he has cited no extraordinary circumstance which prevented timely filing. Almost 10 months passed from the time the Iowa Supreme Court denied further review in Dukes' state post-conviction action until he sent his petition to his attorney. Dukes has offered no reason for this delay or any impediment to filing during that time. Additionally, while Dukes' attorney delayed filing the petition until after the limitations period had expired, the reasons this happened are unclear and Dukes has provided no evidence that the delay constitutes an extraordinary circumstance or that it was beyond his control. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). The record indicates, at most, excusable neglect by Dukes' attorney, which does not justify equitable tolling. *See Holland*, 560 U.S. at 651–54 (excusable neglect – such as miscalculating, or not being aware of, when statutes of limitations expire – is not an extraordinary circumstance); *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) ("[S]erious attorney misconduct, as opposed to mere negligence, 'may warrant equitable tolling' [in habeas cases]." (citation omitted)); *Muhammad v. United States*, 735 F.3d 812, 815–16 (8th Cir. 2013) (no extraordinary circumstances when petitioner's attorney ignored him but did not mislead him).

## V. CERTIFICATE OF APPEALABILITY

A certificate of appealability may be granted only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003); *Garrett v. United States*,

211 F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 881 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749, 759 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Thus, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Similarly, when a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find Dukes failed to make the requisite "substantial showing" with respect to his untimely § 2254 petition. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, a certificate of appealability will not issue. If Dukes desires further review of his § 2254 petition, he may request the issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

9

## *VI. CONCLUSION*

For the reasons stated herein,

1. Respondent's motion (Doc. 10) to dismiss is **granted**.

2. Dukes' petition under 28 U.S.C. § 2254 is **denied** and this action is **dismissed with prejudice**. A certificate of appealability shall not issue.

3. The Clerk of Court shall **close this case**.

**IT IS SO ORDERED.**

**DATED** this 29th day of October, 2020.

_____
Leonard T. Strand, Chief Judge